IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA MADER, MARTIN E. MADER, MIECZYSLAW GNIADEK, SABINE GNIADEK, ROBERT KACZOROWSKI, <br><br>　　　　　　　Plaintiffs, <br><br>　vs. <br><br>UNION TOWNSHIP, HEATHER DAERR, CHARLES TRAX JR., RICHARD LAWSON, FRANK L. MASSARI, GARY SWEAT, KEVIN DAERR, JESSICA STINER, JARROD D'AMICO, KRIS BOCKSTOCE, DOES 1-50, LINDA ROACH, MICHAEL E. CRUNY, <br><br>　　　　　　　Defendants. | 2:20-CV-01138-CCW |

**MEMORANDUM ORDER REGARDING MADER PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY RELATING TO PRELIMINARY INJUNCTION REQUEST**

AND NOW, after reviewing Plaintiff Carla Mader and Martin Mader's Motion for Discovery (ECF No. 51) and Defendants' oppositions thereto (ECF Nos. 54 and 55), and considering the Mader Plaintiffs' Motion for Preliminary Injunction (ECF No. 39), the Amended Complaint (ECF No. 19), and Defendants' Motions to Dismiss (ECF. Nos. 28 and 42), Plaintiffs' Motion for Discovery is hereby GRANTED IN PART and DENIED IN PART. The Plaintiffs may conduct limited discovery relevant to preparing for a hearing on Plaintiffs' Motion for Preliminary Injunction in accordance with the scope and schedule detailed more fully below.

**I.   Background**

Plaintiffs, who are proceeding *pro se*, are Union Township homeowners. Plaintiffs' claims arise from Union Township's attempts to obtain easements on the Plaintiffs' properties to widen

the street they live on. In their 26-count Amended Complaint, Plaintiffs allege that the process and methods that Union Township used to obtain the easements and carry out the road-widening project did not comport with applicable laws, constituted an unlawful taking of their property, and violated their rights, including their rights under the First, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution. The Plaintiffs hired E-Clause, LLC, a purported "loss-prevention" company, to investigate the Defendants' conduct.

Plaintiffs' Motion for Preliminary Injunction seeks to enjoin Union Township and its contractors from seeking to use the Plaintiffs' property in connection with the road-widening project until E-Clause's report "is delivered to the state legislature regarding impeachment and investigation." ECF No. 39-3. On November 19, 2020, Plaintiffs filed a Motion for Discovery in connection with their Motion for Preliminary Injunction and attached their requested discovery. ECF No. 51-1. The discovery Plaintiffs seek includes:

1. Communications, contracts, and work orders between and among Union Township and Union Township's contractors and their subcontractors regarding the road-widening project and the Maders' property. ECF No. 51-1, ¶¶ 1(a)–(f); 4(b); 5(a)–(b); 8(a)–(b);

2. The identity of individuals who surveyed their property. ECF No. 51-1, ¶ 1(g);

3. Whether Defendant Bockstoce directed his subordinates to enter, survey, and stake out the Maders' property; failed to respond to one of the Maders' letters; and whether he ever conducted a centerline study near the Maders' property. ECF No. 51-1, ¶¶ 2(a)–(c).

4. Depositions of Defendants Bockstoce, Lawson, Stiner; and Ken Puglisi. ECF No. 51-1, ¶¶3; 7; 10; 12;

5. Meeting minutes of a July 29, 2020 Union Township meeting. ECF No. 51-1, ¶ 4(a);

6. Performing an independent hydraulic study to assess the possibility of using other property for the road-widening project. ECF No. 51-1, ¶ 4(d)(sic);

7. The timing of the road-widening project with respect to potential improvements of other roads in Union Township. ECF. No. 51-1, ¶ 6(a);

8. Alternatives to placing drains on the Plaintiffs' property in connection with the road-widening project. ECF No. 51-1, ¶¶ 6(b); 9(a);

9. Whether Defendant Stiner was asked specifically to point cameras at the Plaintiffs' property with respect to the road-widening project. ECF. No. 51-1, ¶ 9(b); and

10. Questions of law regarding the legality of certain actions in Washington, County, Pennsylvania. ECF No. 51-1, ¶¶ 11(a)–(b).

Plaintiffs' requested discovery is aimed at both the Defendants and their respective counsel. Plaintiffs assert that "the purpose of discovery is to expose an excusable neglect of bad faith actions concerning injunctive relief on [the] Maders' property[,] prevent inverse or adverse condemnation [and to] expose any potential actions that have caused the current instant matter to be before the Court in the case of unclean hands." ECF No. 51-1, ¶¶ 13–14.

Defendants filed Motions to Dismiss challenging whether Plaintiffs' Amended Complaint sets forth any cognizable claims. ECF Nos. 28 and 42. Defendants Union Township, Heather Daerr, Charles Trax, Jr., Richard Larson, Frank Massari, Gary Sweat, Kevin Daerr, Linda Roach, Jessica Stiner, Jarrod D'Amico and Michael Cruny (together, the "Marshall Dennehey Defendants") responded to the Plaintiffs' Motion for Discovery by arguing that the Court should abstain from deciding the Motion for Preliminary Injunction under *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) because there are state-law condemnation

proceedings pending in Washington County regarding the easements at issue in this lawsuit. ECF No. 54, at 2. The Marshall Dennehey Defendants also argue that the proposed discovery is "overly broad, and exceeds the scope of what is needed to prepare for a hearing on a Preliminary Injunction." ECF No. 54, at 3.

Defendant Kris Bockstoce responded to the Plaintiffs' Motion for Discovery and argues that the requests are not proportional to the case, are overly broad, and the burden to Defendant Bockstoce in providing information responsive to the requests in Paragraph 1 and a deposition as requested by Paragraph 3 outweighs the benefit to Plaintiffs of responsive information. ECF No. 55, at 3.

## II. Discussion

Under the Federal Rules of Civil Procedure, a district court is empowered to alter the scope, timing and sequence of discovery. Fed. R. Civ. P. 26(b)(1) and 26(d)(1). Indeed, the United States Court of Appeals for the Third Circuit has "long held that 'matters of docket control and conduct of discovery are committed to the sound discretion of the district court.'" *Reisinger v. City of Wilkes-Barre*, 520 Fed.Appx. 77, 80 (3d Cir. 2013).

Although the Third Circuit has not provided guidance regarding the appropriate standard a district court should apply when considering a motion for expedited discovery in the context of a motion for preliminary injunction, other courts in this district deciding similar motions have generally applied a "good cause" standard. *See, e.g., Exclusive Supplements, Inc. v. Abdelgawad*, 2013 WL 160275, at *1 (W.D. Pa. Jan. 15, 2013) ("This Court has the authority to grant this relief if good cause exists to do so.") (citing *Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008).

Accordingly, district courts in this circuit have typically "require[d] the party seeking discovery to show 'good' cause for its motion, such that the request is 'reasonable' in light of the circumstances." *Samuel, Son & Co., Inc. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013). Pursuant to this standard, courts should consider "whether 'the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant.'" *Samuel*, 2013 WL 4855325, at *3 (quoting *Fonovisa, Inc.,* 2008 WL 919701, at *10 n.22 ("Situations where good cause is frequently found include when a party seeks a preliminary injunction, and when physical evidence may be consumed or destroyed with the passage of time, thus causing one or more of the parties to be disadvantaged.")).

The Court is mindful that Defendants' Motions to Dismiss (ECF Nos. 28 and 42), are pending and that resolving those motions *may* dispose of some or all of Plaintiffs' claims. Taken as a whole, Plaintiffs' allegations describe a long-running effort to evade legal requirements in connection with eminent domain proceedings targeting the Plaintiffs' property, including excluding Plaintiffs from participating in the affairs of Union Township as they relate to such proceedings. The possibility that such efforts may be ongoing weighs in favor of permitting targeted, expedited discovery to take place in advance of a hearing on Plaintiffs' Motion for Preliminary Injunction. Thus, while the Court takes no position on whether Plaintiffs will succeed on either their Motion for Preliminary Injunction or their underlying claims, the Court finds that Plaintiffs have shown good cause for *certain* expedited discovery.

Furthermore, the Court finds that abstention under *Colorado River* is not appropriate at this juncture. *Colorado River* abstention is only appropriate if the case before this court and the other case are parallel. *Brandywine Vill. Assocs. v. E. Brandywine Twp.,* Civil Action No. 20-2225, 2020 U.S. Dist. LEXIS 167350, at *13 (E.D. Pa. Sept. 14, 2020). "Generally, cases are parallel

when they involve the same parties and claims." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). Here, *Colorado River* abstention is not appropriate because the parties and the claims in this case are different, albeit related, to the claims and parties in the Washington County condemnation proceedings to which the Defendants refer.

That said, the Court agrees with Defendants that some of the Plaintiffs' discovery requests ask for purely legal conclusions or information that is protected by attorney-client privilege or the attorney work product privilege. ECF No. 54, at 3.

Plaintiffs' Paragraphs 1, 4, 5, 8, and 9 are directed at various Defendants and their attorneys. ECF No. 51-1, ¶¶ 1, 4, 5, 8, and 9. It is well-established that communications between attorneys and their clients are privileged, and attorney work-product is also protected from disclosure. *See e.g., Parisi v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 3:16-cv-179, 2017 U.S. Dist. LEXIS 162131, at *12–14 (W.D. Pa. Oct. 2, 2017); *Lefkowitz v. Duquesne Light Co.*, Civil Action Nos. 86-1046, 86-1756, 86-2085, 1988 U.S. Dist. LEXUS 17251, at *10 (W.D. Pa. June 14, 1988). Therefore, to the extent that Plaintiffs' discovery requests are directed to Defendants' attorneys rather than to Defendants, and/or would require Defendants to turn over attorney-client privileged information or attorney work-product, those requests are denied.

Plaintiffs' Paragraph 11 requests ask Defendant Sweat, an attorney and the Township's solicitor, whether it is legal to dump storm water on private property or to fill a vacancy of a supervisor that has been vacant for longer than 45 days without petitioning the Court of Common Pleas of Washington County. ECF No. 51-1, ¶¶ 11(a)–(b). Interrogatories that seek pure legal conclusions, as opposed to application of law to the facts of the case at issue are improper. *See Three Bros. Supermarket, Inc. v. United States*, Civil Action No. 2:19-cv-02003-KSM, 2020 U.S. Dist. LEXIS 159660, at *12 (E.D. Pa. Sept. 1, 2020); *see also Russo v. Abington Mem. Hosp.*,

Civil Action No. 94-195, 1996 U.S. Dist. LEXIS 4273, at *2 ( E.D. Pa. Apr. 3, 1996 ("The Advisory Notes to Rule 33 indicate that the rule was intended to permit a party to 'narrow and sharpen the issues' through interrogatories seeking the application of law to fact, but do not allow interrogatories seeking purely legal conclusions.").

### III.  Conclusion

Plaintiffs' Motion for Discovery is hereby GRANTED IN PART and DENIED IN PART. The parties may engage in limited discovery to prepare for the preliminary injunction hearing as follows:

    a. Paragraph 1(a)–(g): Granted as directed toward Defendant Bockstoce only. Denied to the extent it is directed at Defendant's counsel or would require production of attorney-client privileged material or attorney work product.

    b. Paragraph 2: Granted.

    c. Paragraph 3: Granted.

    d. Paragraph 4(a)–(c): Granted as directed toward Union Township only. Denied to the extent it is directed at Defendants' counsel or would require production of attorney-client privileged material or attorney work product.

    e. Paragraph 4(d): Granted as directed toward Union Township only. Denied to the extent it is directed at Defendants' counsel or would require production of attorney-client privileged material or attorney work product. Granted to the extent that Plaintiffs and/or Plaintiffs' experts may conduct an independent hydraulic study if it is lawful for them to do so.

    f. Paragraph 5(a)–(b): Granted as directed toward Defendant Richard Lawson only. Denied to the extent it is directed at Defendants' counsel or would require production of attorney-client privileged material or attorney work product.

    g. Paragraph 6(a)–(b): Granted.

    h. Paragraph 7: Granted.

    i. Paragraph 8(a)–(b): Granted as directed toward Defendants only. Denied to the extent it is directed at Defendants' counsel or would require the production of attorney-client privileged material or attorney work product.

    j. Paragraph 9(a)–(b): Granted.

    k. Paragraph 10: Granted.

    l. Paragraph 11(a)–(b): Denied.

IT IS FURTHER ORDERED that expedited discovery shall proceed as follows:

1. Discovery shall proceed on the following schedule:

    a. Defendants' responses to the written discovery requests that have been approved by this Order are due on or before December 21, 2020;

    b. All depositions shall be completed on or before January 11, 2021. The sum total of the depositions shall not exceed twelve hours.

2. IT IS FURTHER ORDERED that a Telephonic Post-Expedited Discovery Status Conference will be held before the undersigned on **January 14, 2021 at 9:00 a.m.**

DATED this 30th day of November, 2020.

                                            BY THE COURT:

                                            /s/ Christy Criswell Wiegand
                                            CHRISTY CRISWELL WIEGAND
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record