IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA MADER, MARTIN E. MADER, MIECZYSLAW GNIADEK, SABINE GNIADEK,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNION TOWNSHIP, HEATHER DAERR, CHARLES TRAX, JR., RICHARD LAWSON, FRANK L. MASSARI, GARY SWEAT, KEVIN DAERR, JESSICA STINER, JARROD D'AMICO, KRIS BOCKSTOCE, DOES 1-50, LINDA ROACH, MICHAEL E. CRUNY,<br><br>    Defendants. | 2:20-CV-01138-CCW |

**OPINION AND ORDER**

Before the Court is Defendants' Motion for Reconsideration on Order to Maders' Motion for Discovery (ECF No. 71) and Alternative Request for Deposition of Mader Plaintiffs (ECF No. 72). For the following reasons, Defendant's Motion is granted in part and denied in part.

  **I.**  **Background**

*Pro se* plaintiffs Carla Mader, Martin Mader (together, "the Maders"), Mieczyslaw Gniadek, and Sabine Gniadek (together, "the Gniadeks") are residents of Union Township. Am. Compl. ECF No. 19, at ¶¶ 10–14. Through their Amended Complaint, Plaintiffs allege that Union Township and the individual defendants violated Plaintiffs' rights in a variety of ways in connection with the Township's actions to obtain easements on Plaintiffs' properties using eminent domain. *See generally*, Am. Compl., ECF No. 19. The Maders filed a motion for a preliminary injunction seeking to prohibit Defendants from taking action to perfect or enforce a claim to their

property until their consultants could investigate Defendants' conduct and report those findings to certain Pennsylvania State authorities. *See* Mot. for Prelim. Inj., ECF No. 39. The Gniadeks are not party to the Preliminary Injunction. *See* November 17, 2020 Order, ECF No. 49.

The Court scheduled a hearing on the Maders' Motion for Preliminary Injunction for January 21, 2021. *Id.* The Court also gave the parties an opportunity to seek expedited discovery as to issues relating to the preliminary injunction. *Id.* The Maders sought to conduct written discovery and take the depositions of Kris Bockstoce, Richard Lawson, Jessica Stiner, and Ken Puglisi, *See* Mot. for Disc., ECF No. 51-1. The Court granted the Maders' motion for discovery in part, including permitting the Maders to take the depositions they sought on or before January 11, 2021, subject to a twelve (12)-hour collective time limit. November 30, 2020 Mem. Order, ECF No. 59.

On December 23, 2020, the Maders filed a motion for leave to take Defendant Heather Daerr's deposition. Pls.' Mot. to Modify and Reconsider the Extent of Disc. For Prelim. Inj. Relief, ECF No. 70. Defendant Heather Daerr is the chairperson of the board of Defendant Union Township. Am. Compl., ECF No. 19, at ¶ 17. Plaintiff's December 23, 2020 Motion explained that Defendant Heather Daerr verified a complaint that Defendant Union Township filed in the Court of Common Pleas of Washington County, Pennsylvania on December 16, 2020 that seeks a declaratory judgment as to Township's alleged statutory right-of-way on the Maders' property. *See* ECF No. 70-2.

The Court granted the Maders' request to depose Defendant Heather Daerr but limited that deposition to two (2) hours. *See* December 28, 2020 Order, ECF No. 71, at ¶ 3. On December 29, 2020, Defendants filed a motion asking the Court to reconsider permitting the Maders to depose Defendant Heather Daerr and, in the alternative, allow Defendants to take the Maders' depositions

despite that Defendants did not previously request any discovery in advance of the preliminary injunction hearing.  ECF No. 72.

A motion to reconsider is intended "to correct manifest errors of law or fact or to present newly discovered evidence."  *Bootay v. KBR, Inc.*, 437 Fed. Appx. 140, 146–47 (3d Cir. 2011). To succeed in obtaining reconsideration, "the movant must demonstrate a 'definite and firm conviction that a mistake has been committed' or that the court overlooked arguments that were previously made."  *Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*, Civil Action No. 10-484, 2015 U.S. Dist. LEXIS 152241, at *3 (W.D. Pa. Nov. 10, 2015) (Conti, C.J.) (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003)).

District courts have broad discretion over discovery disputes.  *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995);  *see also*, *Greene v. Horry Cnty.*, 650 Fed. Appx. 98, 100 (3d Cir. 2016);  *Hetzel v. Health*, Civil Action No. 19-336, 2020 U.S. Dist. LEXIS 230748, at *2 (W.D. Pa. Apr. 9, 2020) (Nora Barry Fischer, J.).

**II.  Discussion**

In light of the broad discretion district courts have over discovery disputes, Defendants have not demonstrated that the Court's December 28, 2020 Order (ECF No. 71) constitutes a manifest error of law.  *See Bootay*, 437 Fed. Appx. at 146–47;  *Sempier*, 45 F.3d at 734. Accordingly, the Court will deny Defendant's motion to the extent it seeks to prevent Defendant Heather Daerr's deposition.  However, such deposition, as with all the discovery permitted by the Court's December 28, 2020 Order (ECF No. 71) and its Memorandum Order dated November 30, 2020 (ECF No. 59) must be limited to the issues raised in the Maders' Motion for Preliminary Injunction (ECF No. 39) only.  The parties will be given an opportunity to conduct discovery as to the merits of the underlying case in due course.

Furthermore, in the interest of fairness, the Court will exercise its discretion over discovery matters to permit Defendants to take the deposition of Plaintiff Carla Mader and Plaintiff Martin Mader. Together, the depositions shall not exceed six hours and must be completed on or before January 11, 2021.

### III. Conclusion

For the forgoing reasons it is HEREBY ORDERED that Defendants' Motion for Reconsideration on Order to Maders' Motion for Discovery (ECF No. 71) and Alternative Request for Deposition of Mader Plaintiffs (ECF No. 72) is granted in part and denied in part. Defendants' Motion is denied to the extent it seeks reconsideration of the Court's December 28, 2020 Order (ECF No. 71) permitting the Maders to take the deposition of Defendant Heather Daerr. Defendants' Motion is granted to the extent it seeks to take the depositions of Plaintiffs Carla and Martin Mader. Together the Maders' depositions shall not exceed six (6) hours in length.

The parties are further reminded that all of the discovery at this stage of the litigation is limited to the issues raised in the Plaintiffs' Motion for Preliminary Injunction (ECF No. 39).

DATED this 30th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification): All Counsel of Record and Plaintiffs Carla and Martin Mader

cc (via email notification): Plaintiffs Mieczyslaw and Sabine Gniadek