IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA MADER, MARTIN E. MADER, MIECZYSLAW GNIADEK, SABINE GNIADEK, | )<br>)<br>)<br>)     2:20-CV-01138-CCW<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| UNION TOWNSHIP, HEATHER DAERR, CHARLES TRAX, JR., RICHARD LAWSON, FRANK L. MASSARI, GARY SWEAT, KEVIN DAERR, JESSICA STINER, JARROD D'AMICO, KRIS BOCKSTOCE, DOES 1-50, LINDA ROACH, MICHAEL E. CRUNY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Mader Plaintiffs' Motion for Protective Order (ECF No. 74). For the following reasons, Plaintiffs' Motion is denied.

### I. Background

*Pro se* plaintiffs Carla Mader, Martin Mader (together, "the Maders"), Mieczyslaw Gniadek, and Sabine Gniadek (together, "the Gniadeks") are residents of Union Township. Am. Compl. ECF No. 19, at ¶¶ 10–14.  Through their Amended Complaint, Plaintiffs allege that Union Township and the individual defendants violated Plaintiffs' rights in a variety of ways in connection with the Township's actions to obtain easements on Plaintiffs' properties using eminent domain. *See generally*, Am. Compl., ECF No. 19.  The Maders filed a motion for a preliminary injunction seeking to prohibit Defendants from taking action to perfect or enforce a claim to their property until their consultants could investigate Defendants' conduct and report those findings to

1

certain Pennsylvania State authorities. *See* Mot. for Prelim. Inj., ECF No. 39. The Gniadeks are not party to the Preliminary Injunction. *See* November 17, 2020 Order, ECF No. 49.

The Court scheduled a hearing on the Maders' Motion for Preliminary Injunction for January 21, 2021. *Id.* The Court also gave the parties an opportunity to seek expedited discovery as to issues relating to the preliminary injunction. *Id.* The Maders sought to conduct written discovery and take the depositions of Kris Bockstoce, Richard Lawson, Jessica Stiner, and Ken Puglisi, *See* Mot. for Disc., ECF No. 51-1. The Court granted the Maders' motion for discovery in part, including permitting the Maders to take the depositions they sought on or before January 11, 2021, subject to a twelve (12)-hour collective time limit. November 30, 2020 Mem. Order, ECF No. 59.

On December 23, 2020, the Maders filed a motion for leave to take Defendant Heather Daerr's deposition. Pls.' Mot. to Modify and Reconsider the Extent of Disc. for Prelim. Inj. Relief, ECF No. 70. Defendant Heather Daerr is the chairperson of the board of Defendant Union Township. Am. Compl., ECF No. 19, at ¶ 17. Plaintiff's December 23, 2020 Motion explained that Defendant Heather Daerr verified a complaint that Defendant Union Township filed in the Court of Common Pleas of Washington County, Pennsylvania on December 16, 2020 that seeks a declaratory judgment as to Township's alleged statutory right-of-way on the Maders' property. *See* ECF No. 70-2.

The Court granted the Maders' request to depose Defendant Heather Daerr but limited that deposition to two (2) hours. *See* December 28, 2020 Order, ECF No. 71, at ¶ 3. On December 29, 2020, Defendants filed a motion asking the Court to reconsider permitting the Maders to depose Defendant Heather Daerr and, in the alternative, to allow Defendants to take the Maders'

depositions despite that Defendants did not previously request any discovery in advance of the preliminary injunction hearing.  ECF No. 72.

On December 30, 2020, the Court entered an Opinion and Order denying Defendants' request to reconsider permitting Defendant Heather Daerr's deposition and granting Defendants an opportunity to depose the Maders;  provided, however, that the length of the Maders' depositions must not exceed six (6) hours total.  *Id.*

The Maders filed a Motion for a Protective Order (ECF No. 74) to protect them from being deposed, arguing that they are inundated by the requirements of litigating their various disputes with Defendants, that they lack the time to conduct their depositions, that Defendants would not be prejudiced without their depositions, and that the depositions are retaliatory.

## II.     Legal Standard

District courts have broad discretion over discovery disputes.  *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995);  *see also*, *Greene v. Horry Cnty.*, 650 Fed. Appx. 98, 100 (3d Cir. 2016);  *Hetzel v. Health*, Civil Action No. 19-336, 2020 U.S. Dist. LEXIS 230748, at *2 (W.D. Pa. Apr. 9, 2020) (Nora Barry Fischer, J.).

"After attempting to resolve the dispute without court action, a party may seek a protective order regarding a deposition from the court, for good cause, 'in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Spano v. CSX Transp., Inc.*, Civil Action No. 3:16-cv-245, 2017 U.S. Dist. LEXIS 122234, at *8 (W.D. Pa. Aug. 3, 2017) (Gibson, J.) (quoting Fed. R. Civ. P. 26(c)).  Good cause requires that the movant demonstrate with specificity that a "clearly defined and serious injury" will occur without a protective order.  *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).  "Broad allegations of harm unsubstantiated by specific examples or articulated reasoning" are not

enough. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). "While preventing embarrassment may satisfy 'good cause,' a party who requests a protective order with the main concern of preventing embarrassment must demonstrate that any embarrassment will be particularly serious." *Spano*, 2017 U.S. Dist. LEXIS 122234, at *9 (citing *Cipollone*, 785 F.2d at 1121).

When a party seeks a protective order to prevent a deposition, it is an error for the court to prevent the deposition absent extraordinary circumstances. *See In re Arthur Tracher's Franchisee Litig.*, 92 F.R.D. 429, 437 (E.D. Pa. 1981) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)).

### III. Discussion

Here, the Maders seek a protective order to prevent their depositions. They make broad allegations of harm that they contend would or could befall them if they are deposed. *See* ECF No. 74 at ¶¶ 6(b) ("extreme hardship to make lower Court deadlines and possibly affect outcomes in the lower Court actions"); 6(e) ("The Maders are inundated with these 3 lower Court cases, and now also need to respond to the new case"); 6(f) (broad allegations of trauma sustained attributed to Defendants' harassment without further detail); and 6(g) ("Plaintiffs are unable to spare time for being themselves deposed."). The Maders provide little in the way of specific examples of the hardships their depositions would result in.

The Maders exercised their right to proceed *pro se* in this and other litigation against Defendants. Their Motion for Protective Order details the strain of litigation generally and describes the burden of litigation, but that burden is (1) not undue; and (2) is a burden the Maders undertook themselves in this lawsuit by initiating the action, requesting a preliminary injunction,

and seeking expedited discovery in preparation for a hearing on their request for a preliminary injunction.

Plaintiffs contend that Defendants will not be prejudiced if they are not permitted to take the Maders' depositions because "Defendants have assembled an army of attorneys and consultants supporting them on state and federal cases[.]" ECF No. 74, at ¶ 6(c). While Defendants' counsel can certainly help them apply law to the facts of the case, counsel's assistance is contingent on access to the facts—facts that the Maders possess and put at issue by initiating this lawsuit and seeking a preliminary injunction. Contrary to the Maders' assertions, the fact that Defendants are represented by attorneys does not obviate the need for the Maders' depositions and does not cure the prejudice that would stem from an order protecting the Maders, who are plaintiffs in this case, from being deposed.

### IV.   Conclusion

For the forgoing reasons, it is HEREBY ORDERED that the Mader Plaintiffs' Motion for Protective Order (ECF No. 74) is denied.

DATED this 4th day of January, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification): All Counsel of Record and Plaintiffs Carla and Martin Mader

cc (via email notification): Plaintiffs Mieczyslaw and Sabine Gniadek