IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA MADER, MARTIN E. MADER, MIECZYSLAW GNIADEK, SABINE GNIADEK,<br><br>Plaintiffs,<br><br>v.<br><br>UNION TOWNSHIP, HEATHER DAERR, CHARLES TRAX, JR., RICHARD LAWSON, FRANK L. MASSARI, GARY SWEAT, KEVIN DAERR, JESSICA STINER, JARROD D'AMICO, KRIS BOCKSTOCE, MICHAEL E. CRUNY, JAMES HARSHMAN, TRAVIS RICHMOND, and DOES 1–50,<br><br>Defendants. | 2:20-CV-01138-CCW |

## OPINION DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 111)

Before the Court is a Motion for Preliminary Injunction filed by *pro se* Plaintiffs Carla and Martin Mader and pro se Plaintiffs Mieczyslaw and Sabine Gniadek. ECF No. 111. For the following reasons, Plaintiffs' Motion shall be DENIED.

### I. Procedural History

The Plaintiffs are two married couples who reside on Cardox Road, a connector road adjacent to Route 88 in Union Township, Pennsylvania. ECF No. 19, at ¶¶ 10–15, 32, 74; ECF No. 128, at 1. On July 9, 2020, Defendant Union Township filed a Declaration of Taking to obtain a permanent easement on the Maders' property "to install a riprap apron outfall designed to assist with stormwater drainage in connection with a road widening and surface improvement project" along Cardox Road. *See Union Twp. v. Mader*, Civil Docket No. 2020-3284, BL-1 (Pa. C.P.

Washington filed July 9, 2020) (the "Mader Stormwater Easement Action"). On July 30, 2020, Defendant Union Township filed a Declaration of Taking to obtain a temporary easement on the Maders' property "to assist with grading and tree removal required as a part of a public road widening, surface improvement[,] and safety project" along Cardox Road [('the Cardox Road Project')]." *Union Twp. v. Mader,* Civil Docket No. 2020-3712, BL-1 (Pa. C.P. Washington filed July 30, 2020) (the "Mader Construction Easement Action" and, together with the "Mader Stormwater Easement Action, the "Mader Easement Actions"). The same day, Defendant Union Township filed a Declaration of Taking to obtain a temporary easement on the Gniadeks' property. *Union Twp. v. Gniadek*, Civil Docket No. 2020-3711 (Pa. C.P. Washington filed July 30, 2020) (the "Gniadek Construction Easement Action" and, together with the Mader Easement Actions, the "Cardox Road Easement Actions").

The same day, Plaintiffs, all of whom are *pro se*, filed a 7-count Complaint, initiating this action. ECF No. 1. The Complaint alleged that Union Township and individuals acting on its behalf violated 42 U.S.C. § 1983 by, among other things, interfering with Plaintiffs' rights to exercise dominion over their real and personal property without due process of law. *See generally*, ECF No. 1.

On August 3, 2020, the Mader Plaintiffs moved for a temporary restraining order or, alternatively, a preliminary injunction that enjoins "Defendants, officers, agents, employees and attorneys and all persons acting in concert with them to be restrained from assembly of any meetings for taking properties, commencing on the Cardox Road [P]roject, and/or further violations of the Pennsylvania Sunshine Act 65 Pa. C.S. §§ 701-716," ECF No. 39-3, until "Plaintiffs[] hire E-Clause, LLC[], [a] loss prevention specialist, to perform an audit and investigate the abuse of power" and other violations alleged in the Complaint, ECF No. 39, at 8,

and E-Clause's "report is delivered to the state legislature regarding impeachment and investigation," ECF No. 39-3.

On September 21, 2020, Plaintiffs amended their initial complaint to encompass 26-counts against a dozen named defendants and 50 unnamed defendants. ECF No. 19.

On October 23, 2020, the case was reassigned to the undersigned. ECF No. 34. On October 30, 2020, the Court issued an order denying the Mader Plaintiffs' motion for injunctive relief to the extent it sought a temporary restraining order, given that Defendants had been served, but indicating that the Court would entertain the Mader Plaintiffs' motion to the extent it sought a preliminary injunction. ECF No. 41. The parties conducted limited discovery in advance of a hearing on January 21, 2021 on the Maders' motion for preliminary injunction. *See* ECF Nos. 59, 92, 94. The Court denied the Maders' motion for preliminary injunction, ECF No. 39, under the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). ECF. No. 128.

Meanwhile, Plaintiffs and Defendant Union Township have been litigating the Cardox Road Easement Actions in the Court of Common Pleas of Washington County, Pennsylvania. Those actions are ongoing. On December 16, 2020, Defendant Union Township filed another action against all of the Plaintiffs in the Court of Common Pleas of Washington County, Pennsylvania seeking to establish its rights to a 33-foot wide right-of-way, measured from the center line of Cardox Road under 55 P.S. § 67306. *See Union Twp. v. Mader, et al.,* Civil Action No. 2020-7340 (Pa. C.P. Washington filed Dec. 16, 2020) (the "Washington County Declaratory Action"); *see* ECF No. 114-3.

On March 8, 2021, Plaintiffs filed a Joint Motion for Temporary Restraining Order, asking the Court to rule *ex parte* and without the benefit of discovery. ECF No. 111. Plaintiffs claim that the doctrines of collateral estoppel and res judicata should prevent the parties from litigating in the

state court. ECF No. 111, at ¶ 22. On March 8, 2021, the Court denied Plaintiffs' Joint Motion to the extent it sought a temporary restraining order because Defendants have already been served; the Court held that it would consider Plaintiffs' Joint Motion to the extent it sought a preliminary injunction. ECF No. 112. Plaintiff's Joint Motion argues that Union Township is using the state-court actions to circumvent this Court's jurisdiction and to burden and otherwise harass Plaintiffs in bad faith. ECF No. 111 at ¶¶ 20–23. The Joint Motion asks the Court to "restrain, attorneys, and [sic] state Court from vexatious litigation in case # 2020-7340, and the three other state cases." ECF No. 111, at ¶ 32.

On April 6, 2021, the Court abstained from deciding the merits of the Mader Plaintiffs' first motion for preliminary injunction, ECF No. 39, under *Younger* and its progeny. *See* ECF Nos. 128 and 129.

Plaintiffs' Joint Motion for Preliminary Injunction, ECF No. 111, is now ripe for review.

## II.   Factual Background

The Mader Plaintiffs and the Gniadek Plaintiffs are each a married couple who reside on Cardox Road in Union Township, Pennsylvania. *See generally*, ECF No. 19; ECF No. 126. Since at least 2018, the Union Township Board of Supervisors has had concerns about the safety of Cardox Road. ECF No. 128, at 4. As of 2019, Cardox Road was narrow and of irregular width, with the paved portion varying from 14 to 17 feet wide, and trees and shrubs obstructed motorists' ability to observe oncoming traffic. *Id*. Indeed, school busses are prohibited from traveling on Cardox Road because the Transportation Director of the Ringgold School District deems it unsafe. *Id*. Anticipating that real estate developers were in the process of planning and constructing large housing developments in neighboring South Park Township, which would increase the volume of traffic on Cardox Road, the Union Township Supervisors developed a plan to upgrade Cardox

Road to create a uniform width and to remove trees and brush to promote safety (the "Cardox Road Project"). In furtherance of the Cardox Road Project, Defendant Jessica Stiner, a Harshman Group civil engineer and the Township Engineer for Union Township, designed the upgrades to Cardox Road, including pavement, curbing, signs, and road drainage. *Id*. at 4.

The design called for a 24-foot wide, paved cartway[1], wedge curbing, and a riprap[2] drainage outlet to be placed next to the berm of the road on property owned by the Mader Plaintiffs. Id. at 4–5. To implement Defendant Stiner's design for the Cardox Road Project, the Township sought easements from Cardox Road residents to use their property adjacent to the road. *Id*. at 5. The Township sought to obtain temporary construction easements on the Plaintiffs' properties, and a permanent easement on the Maders' property to install a storm drain to address runoff. *See id*. at 5–6. The Plaintiffs declined to grant the Township's requested easements voluntarily; as a result, the Township filed the Cardox Road Easement Actions. Believing that the Township was unlawfully interfering with their right to their properties and that the Township violated their rights and established procedure to properly exercise eminent domain, Plaintiffs brought this lawsuit on July 30, 2020. *See* ECF No. 1.

In the interest of economy, the Court refers to the factual background in its April 6, 2021 Opinion Denying the Mader Plaintiffs' Motion for Preliminary Injunction, ECF No. 128.

---

[1] Defined as "a road for carts: a rough unimproved road." *Cartway*, Merriam-Webster (2021), https://www.merriam-webster.com/dictionary/cartway.
[2] None of the witnesses at the preliminary injunction precisely defined "riprap." Merriam Webster's online dictionary defines it as "a layer of [stones or chunks of concrete] or similar material on an embankment slope to prevent erosion" or "material used for riprap." *Riprap,* Merriam-Webster (2021), https://www.merriam-webster.com/dictionary/riprap.

### III.    Legal Standard

#### A.  Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008); *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (courts should grant preliminary injunctions only in "limited circumstances"); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). Four factors inform a court's decision as to the issuance of a preliminary injunction:

> (1) The likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) [that] the public interest [weighs in favor of granting the injunction.]
>
> ***
>
> Generally, the moving party must establish the first two factors and only if these 'gateway factors' are established does the district court consider the remaining two factors. The court then determines 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

*Greater Phila. Chamber of Commerce*, 949 F.3d at 133 (citations omitted)); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citing *Del. River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)); *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.,* 306 Fed.Appx. 727, 732 (3d Cir. 2009); 13 Moore's Federal Practice – Civil § 65.22 (2020).

To establish a likelihood of success on the merits, the movant must "demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)." *Reilly*, 858 F.3d at 179; *see also*, 42 Am. Jur. 2d Injunctions

§ 18 (2020) (explaining that to obtain a preliminary injunction, the movant must show that it is "reasonably likely" to succeed on the merits.). Even where a movant succeeds in showing a likelihood of success on the merits, if the other three factors are not satisfied, the court should exercise its discretion to deny the preliminary injunction. *See Winter*, 555 U.S. at 32 ("An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course.").

"A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Ace Am. Ins. Co.*, 306 Fed.Appx. at 732 (citations omitted). To establish irreparable harm, the movant must show "that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. To do so, the movant "must demonstrate a potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air*, 882 F.2d at 801. The risk of irreparable harm cannot be speculative; "mere risk" of irreparable harm is insufficient—the movant must make a "clear showing of immediate irreparable injury, or a presently existing actual threat; [an injunction] may not be used simply to eliminate the possibility of a remote future injury, or a future invasion of rights[.]" *Holiday Inns of Am. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969); *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, Case No. 3:15-cv-22, 2016 U.S. Dist. LEXIS 169709 at *8 (W.D. Pa. Dec. 8, 2016).

"In the absence of exceptional circumstances, economic loss does not qualify as irreparable harm [and] '[a]n inability to precisely measure financial harm does not make that harm irreparable or immeasurable.'" *Hadeed*, 2016 U.S. Dist. LEXIS 169709 at *7–8 (quoting *Acierno v. New Castle Cty.*, 40 F.3d 645, 655 (3d Cir. 1994)); *see also*, *Sampson v. Murray*, 415 U.S. 61, 90

(1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

### B. *Younger* Abstention

Even where the litigants properly invoke federal jurisdiction, a district court is not obligated to decide the merits of a motion categorically. For decades, federal courts have acknowledged that, occasionally, the traditional principles of equity and comity counsel the Court to abstain from deciding certain issues. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* and its progeny stand for the position that "abstention is required if there are continuing state proceedings which are judicial in nature, which implicate important state interests, and which afford an adequate opportunity for the [parties] to present [their] federal claims." *Gittens v. Kelly*, 790 Fed.Appx. 439, 441 (3d Cir. 2019). For *Younger* abstention to be appropriate:

> (1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise federal claims. Even if the necessary predicates exist, however, *Younger* abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist . . . such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.

*Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (cleaned-up), *accord*. *Anthony v. Gerald Council*, 316 F.3d 412, 418 (3d Cir. 2003).

A court can abstain under *Younger* with respect to an entire case, or with respect to specific motions, such as motions for preliminary injunctions, provided the circumstances otherwise meet the *Younger* elements. *See e.g., Rose v. York Cty.*, 1:13-cv-2056, 2013 U.S. Dist. LEXIS 115855

(M.D. Pa. Aug. 6, 2013); *see also*, *State Trooper Fraternal Ass'n v. New Jersey*, 2009 U.S. Dist. LEXIS 117045, at *35 (D.N.J. Dec. 16, 2009) (Abstaining from the case as a whole on *Younger* grounds and stating that with respect to the preliminary injunction, "[e]ven if the court were to decline to abstain on *Younger* grounds, the Court would find that the same considerations supporting *Younger* abstention also counsel against the plaintiff's application for a preliminary injunction.").

Where the elements supporting *Younger* abstention exist, "the decision to abstain rests in the sound discretion of [the] court." *Rose*, 2013 U.S. Dist. LEXIS 115855, at *12 (citing *Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 325 (3d Cir. 2004)). As in *Anthony, Rose,* and *Gittens*, *Younger* abstention is appropriate in this case for the reasons set forth below.

## IV. Discussion

### A. There are Pending State Court Judicial Actions

First, it is undisputed that the three Cardox Road Easement Actions and the Washington County Declaratory Action (together, the "State Court Actions") are pending in the Court of Common Pleas of Washington County, Pennsylvania. *See* ECF No. 111 at ¶ 3; ECF No. 114-1; ECF No. 114-2; ECF No. 114-3; ECF No. 115, at 4. In fact, the existence of these state judicial proceedings is the impetus for Plaintiffs' Motion for Preliminary Injunction. *See generally* ECF No. 111.

### B. The Pending State Court Actions are Related to Important State Interests

Second, the State Court Actions relate to an important state interest. The Cardox Road Easement Actions relate to a local government's use of its eminent domain power. Federal courts recognize that a government's use of the power of eminent domain is an important state interest

9

and, under the *Younger* doctrine, "federal courts have generally resisted entangling themselves in such issues." *See e.g., Lauxmont Holdings v. Cty. of York*, No. 4:07-cv-1980, 2008 U.S. Dist. LEXIS 45932 (M.D. Pa. June 11, 2008) (citing *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 78 (1959) (stating that eminent domain "is intimately involved with sovereign prerogative") and *Rucci v. Cranberry Twp.*, 130 Fed.Appx. 572, 577 (3d Cir. 2005) ("eminent domain is [a] distinctly state-law matter")). Because the Washington County Declaratory Action relates specifically to issues surrounding Union Township's right, as a local government, to exercise its existing property rights under state statutes to land within its boundaries, the Washington County Declaratory Action also relates to an unequivocal state interest. Furthermore, the core of Plaintiffs' Joint Motion claims that the State Court Actions are "unnecessary," and that Defendants filed them to deprive this Court of jurisdiction over the issues before it, and to harass Plaintiffs. *See* ECF No. 111 at ¶¶ 8, 12, 23. Plaintiffs ask this Court to enjoin the state court from hearing the Washington County Declaratory Action altogether. *See* ECF No. 111 at ¶ 24. Certainly, the state court has an interest in adjudicating cases before it, especially cases such as eminent domain proceedings, where the state court is the exclusive forum for hearing those cases. *See Rucci*, 130 Fed.Appx. at 577;  26 Pa. C.S. §306.

### C. The State Court Actions Afford Plaintiffs and Adequate Opportunity to Raise their Federal Claims

Third, the State Court Actions afford Plaintiffs an adequate opportunity to raise their federal claims. Plaintiffs are free to raise their federal claims and rights in the State Court Actions by filing appropriate documents in that challenge Defendants' conduct in each of the respective actions, including claims that the various actions were filed in bad faith or for an improper purpose, such as infringing Plaintiffs' federal rights. In each of the Cardox Road Easement Actions,

Plaintiffs have the opportunity to challenge the sufficiency of the respective declaration of taking, and indeed have done so by filing preliminary objections to the Township's initial declarations of taking. *See e.g., Union v. Mader*, Docket No. C-63-cv-20203284 (Pa. C.P. Washington) (entry nos. BL-4 and BL-9); *Union v. Mader*, Docket No. C-63-cv-20203712 (Pa. C.P. Washington) (entry nos. BL-4, and BL-5). Furthermore, the function of the Washington County Declaratory Action is to decide whether Union Township has a valid right-of-way on the Plaintiffs' properties as it claims under 53 P.S. § 67307(a). Therefore, any reason Plaintiffs have to challenge Union Township's claimed right-of-way can properly be heard by the state court in the Washington County Action. As such, the Plaintiffs are not at risk of being deprived of an adequate opportunity to raise their federal claims or recover for them, if successful.

Plaintiffs' Motion for Preliminary Injunction, ECF No. 111, satisfies the legal requirements of *Younger* abstention; therefore, the decision whether to abstain rests in the sound discretion of this Court absent Defendants' bad faith, harassing motives, or other extraordinary circumstances. *See Rose*, 2013 U.S. Dist. LEXIS 115855, at *12.

### D. Defendants Have Not Demonstrated Bad Faith, Harassing Motives, or Other Extraordinary Circumstances with Respect to Filing the State Court Actions

Although Plaintiffs claim that Union Township filed the State Court Actions in bad faith, *see* ECF No. 111 at ¶ 20, and to deprive this Court of jurisdiction over the issues before it, and to harass Plaintiffs, ¶¶ 8, 12, 23, the Court is not persuaded. First, the Township filed the Stormwater Easement Action before Plaintiffs filed this Action and the Township filed the other Cardox Road Easement Actions on the same day that Plaintiffs filed this Action. Therefore, the timing of the various actions does not support Plaintiffs' contention that the Township filed the Cardox Road Easement Actions to interfere with this action. Furthermore, under the Eminent Domain Code,

the state court is the exclusive venue in which Union Township could have filed a declaration of taking; the Township could not have filed the declarations of taking in this Court. *See* 26 Pa. C.S. §306. The state court is also an appropriate forum for the Washington County Declaratory Action. The Township filed the Washington County Declaratory Action on December 16, 2020, alleging that the Mader Plaintiffs interfered with Union Township's claimed right of way in September of 2020. *See* ECF No. 115-1 at 8–9. Ostensibly, Plaintiff's alleged interference prompted Union Township to file the Washington County Declaratory Action.

The parties are involved in complex litigation in this Court and in the state court, and although litigation can be burdensome and, by its nature, involves different views regarding the relevant issues, the record does not reflect bad faith, harassing motives, or other extraordinary circumstances that would undermine the Court's discretion to abstain from deciding the merits of Plaintiffs' Motion for Preliminary Injunction. Absent evidence of Defendant's bad faith, harassing motives, or other extraordinary circumstances, this Court finds that it is in the interest of comity to exercise its discretion to abstain under *Younger* in deference to the state proceedings.

### V.     Conclusion

For the reasons set forth herein, given the pending Cardox Road Easement Actions and the Washington County Declaratory Action, which are pending in the Court of Common Pleas of Washington County, Pennsylvania, and Pennsylvania's interest in its judges presiding over eminent domain cases and cases for declaratory judgment regarding a local government's claim for statutory property rights, the principles of comity counsel in favor of this Court exercising its discretion to abstain from reaching the merits of Plaintiffs' Motion for Preliminary Injunction, ECF No. 111, and to deny the same under *Younger* and its progeny.

An appropriate order will follow.

DATED this 20th day of April, 2021.

                                      BY THE COURT:

                                      /s/ Christy Criswell Wiegand
                                      CHRISTY CRISWELL WIEGAND
                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record