IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLA MADER, MARTIN E. MADER, MIECZYSLAW GNIADEK, SABINE GNIADEK, | ) ) ) ) | 2:20-CV-01138-CCW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| UNION TOWNSHIP, HEATHER DAERR, CHARLES TRAX, JR., RICHARD LAWSON, FRANK L. MASSARI, GARY SWEAT, KEVIN DAERR, JESSICA STINER, JARROD D'AMICO, KRIS BOCKSTOCE, MICHAEL E. CRUNY, JAMES HARSHMAN, TRAVIS RICHMOND, and DOES 1–50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MADER PLAINTIFFS' MOTION TO RECONSIDER**

On August 27, 2021, the Court granted in part and denied in part Defendant's Motion to Dismiss pro se Plaintiffs Carla Mader's and Martin E. Mader's Second Amended Complaint. ECF Nos. 170 (the "Opinion"), 171. The Maders moved for reconsideration on September 17, 2021. ECF No. 177 (the "Motion"). Defendants have responded to the motion for reconsideration, ECF Nos. 180, 181, and it is now ripe for review.

## I.    Standard of Review

When a district court dismisses a claim pursuant to Rule 12(b)(6), but other claims remain in the action, the order dismissing the claims is an interlocutory order rather than a final order. *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). "Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration," a district

court "has the inherent power to reconsider prior interlocutory orders." *Deeters v. Phelan Hallinan & Schmieg, LLP*, Civil Action No. 3:11-252, 2013 WL 6524625, at *1 (W.D. Pa. Dec.12, 2013) (Gibson, J.); *see also* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

In the case of interlocutory orders, "'[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'" *Deeters*, 2013 WL 6524625, at *2 (quoting *A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)) (alteration in the original).

Thus, because "federal courts have a strong interest in [] finality" and because "a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court," such motions "should be granted sparingly." *EEOC v. United States Steel Corp.*, Civil Action No. 10-1284, 2012 WL 1150799 at *7 (W.D. Pa. Apr. 5, 2012) (Fischer, J.) (citations omitted).

Reconsideration is available only where the movant shows at least one of the following:

> (1) an intervening change in the controlling law;  (2) the availability of new evidence;  or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (applying the Rule 59(e) standard in the context of a contempt order).  Mere disagreement with the earlier ruling is insufficient;  the movant must show that the "Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018).  "[T]he focus is on the gravity and overtness of the error." *Id.*

Because this Court granted in part and denied in part Defendants' motions to dismiss and allowed the Mader Plaintiffs leave to amend on specified counts,[1] such an order is an interlocutory order. *Borelli v. Reading*, 532 F.2d 950, 952 (3d Cir. 1976) (noting that "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action" ). As such, the Court will apply the grounds traditionally available under Fed. R. Civ. P. 59(e) in its review of Plaintiffs' Motion.

Plaintiffs seek reconsideration on the following claims in their Second Amended Complaint, each of which the Court dismissed with prejudice and without leave to amend:  Counts IV (Negligence), VIII (Trespass to Chattels Claims), X (§ 1983), XIII (Misuse of Legal Procedure and Process Claims), XV (Negligence), XVI (Misuse of Legal Procedure and Process Claims), XVII (§ 1983), XVIII (§ 1983), XIX ("Deprivation of Rights" Claims), XX ("Deprivation of Rights" Claims), XXII (Trespass to Chattels Claims).  Plaintiffs also seek reconsideration with respect to Counts XXVI and XXVII (Vicarious Liability), which were dismissed without prejudice to refile upon the occurrence of certain conditions.  *See generally,* ECF No. 177.

## II.     Discussion

### A.     Counts IV and Count XV (Negligence)

In its Opinion, this Court found that Plaintiffs' negligence claim against Defendant Sweat (Count IV) and Defendant Stiner (Count XV) failed because Plaintiffs did not identify a legally cognizable duty that either Defendant Sweat or Defendant Stiner owed to the Plaintiffs.  ECF No. 170 at 31–32.

---

[1] The Court granted Plaintiffs leave to amend Counts I, II, III, V, XXIII, and XXIV (each asserting a claim of intentional infliction of emotional distress against a separate defendant);  Count VI (intentional misrepresentation);  Counts IX and XI (both asserting claims under § 1983);  Count XXI ("Deprivation of Rights");  and Count XXV ("Common Law Claim").  *See* ECF No. 171.

With respect to Defendant Sweat, Plaintiffs' Motion reiterates the Second Amended Complaint's allegations that Defendant Sweat has a duty to all taxpayers. *Compare* ECF No. 177 ¶¶ 3, 5 (alleging Mr. Sweat "has a duty to all taxpayers, including [the] MADERS to accountability to conduct" and a "responsibility to respond to any legal threat against the TOWNSHIP") *with* ECF No. 126 at ¶ 140 (alleging that Mr. Sweat "has a legal duty because Plaintiffs (sic) tax dollars pay Union Township for competent public assistance to Township").

Similarly, with respect to Defendant Stiner, Plaintiffs' Motion also reiterates the Second Amended Complaint's allegations by contending that Defendant Stiner, in leading the planning department, "had a duty to competently function in her official capacity" and failed to do so because "her easement agreements" "were deficient." *Compare* ECF No. 177 at ¶ 20 *with* ECF No. 126 at 151 (alleging that Defendant Stiner "has duty as a representative not to serve MADERS sham law documents").

Plaintiff's Motion, which reiterates the allegations in the Second Amended Complaint, is attempting to re-litigate issues which the Court has already considered and ruled upon, and that is not a proper basis for granting a motion for reconsideration. *See EEOC*, 2012 WL 1150799 at *7 ("[A] motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court."). Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence. To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, Plaintiffs have not met their burden to show that the Court's conclusion that "[t]he professional duties attorneys owe to their local government clients do not flow to the citizens of those governmental clients" is an error of law, much less a clear error

of law.  ECF No. 170 at 33 (citing *Marjac, LLC v. Trenk*, Civil Action No. 06-1140(JAG), 2006 WL 3751395, at *15 (D.N.J. Dec. 19, 2006).

As such, the Court denies Plaintiffs' Motion with respect to Counts IV and XV.

### B.      Count VIII and XXII (Trespass to Chattels Claims)

The Court dismissed Plaintiffs' trespass to chattels claims because Plaintiffs alleged that Defendants' actions deprived Plaintiffs of their real property, as opposed to personal property. ECF No. 170 at 40.

Plaintiffs' Motion argues that the rights "retained by individuals ARE one's property," and cites *Roe v. Wade*, 410 U.S. 113 (1973) for the principle that "individuals own their own body, and this is also their own property."  ECF No. 177 ¶¶ 13, 18.  The crux of Plaintiffs' argument appears to be that the Court failed to recognize certain ownership rights.  ECF No. 177 at ¶ 8 (alleging that "The MADERS Rights are their personal property.").

Plaintiffs' Motion fails to acknowledge that "[p]roperty is divided into two general classes, real and personal." 39 P.L.E. PROPERTY § 1 (2021).  The term "real property" includes land and all rights thereto and interests therein. *Id.*  On the other hand, the term "personal property" includes everything that is the subject of ownership that is *not* real property.  *Id.*  As discussed in the Opinion, a trespass to chattel claim requires a *chattel*, which is a "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property."  ECF No. 170 at 40 (citing Chattel, Black's Law Dictionary (11th ed. 2019)).  This is different from real property (land), which is not considered to be personal property.

Because the property at issue in the Plaintiff's Second Amended Complaint was real property (land) and not a chattel, this Court found that Plaintiffs could not state a claim for trespass to chattels.

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence.  To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the Court does not find its application of the longstanding principles regarding the classification of property rights to be an error of law, much less a clear error of law.

As such, the Court denies Plaintiffs' Motion with respect to Counts VIII and XXII.

### C.     Counts XIII and XVI (Misuse of Legal Procedure and Process Claims)

The Court dismissed Plaintiffs' misuse of legal procedure claims against Defendant D'Amico because the February 14, 2019 letter sent by Defendant D'Amico did not initiate any legal process against Plaintiffs giving rise to a wrongful use of civil proceedings or abuse of process cause of action.  ECF No. 170 at 69.

Plaintiffs' Motion contends that Defendant D'Amico knew that he "had no authority to … issue a vacate order or notice" and that the letter did not state that the Township "was concerned about a threat to public health or safety."  ECF No. 177 ¶¶ 6–7.  These facts were previously alleged in Plaintiffs' Second Amended Complaint.  *See* ECF No. 126 at 60–61, 149, 152.

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence, but rather seeks to relitigate issues the Court has previously considered and decided.  To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the Court does not find its determination that the February 14, 2019 letter is not a civil proceeding to be an error of law, much less a clear error of law.  *See Bell v. Sullivan*, No. 17-912, 2017 U.S. Dist. LEXIS 190150 (E.D. Pa. Nov. 16, 2017) (finding that multiple building code citations were not a civil proceeding);  *Grimm v. Borough of Norristown*, 226 F. Supp. 2d 606, 655 (E.D. Pa. 2002)

(holding that citations for alleged building code violations did not qualify as civil proceedings or use of the litigation process);  *Pellegrino Food Prods. Co. v. City of Warren*, 136 F. Supp. 2d 391, 406 (W.D. Pa. 2000).

As such, the Court denies Plaintiffs' Motion with respect to Counts XIII and XVI.

### D.     Count X (§ 1983)

The Court dismissed Plaintiffs' Count XVII § 1983 against Defendant Heather Daerr for violation of Fifth and Fourteenth Amendment rights with prejudice and without leave to amend. ECF No. 170 at 48.  The Court found that even if Plaintiffs could amend their allegations to support a plausible substantive due process claim,[2] Defendant Heather Daerr, as a single member of the Board, had no authority to cause the Maders to lack an occupancy permit.  *Id.*

Plaintiffs' Motion seems to focus on the due process claim, rather than Defendant Heather Daerr's lack of authority to cause the Maders to lack an occupancy permit.  *See* ECF No. 177 ¶¶ 12, 14 (contending that the Court has potentially overlooked two exhibits showing that Plaintiffs were compelled to hide and denied the use of their property);  *Id.* ¶ 16 (asserting that the Plaintiffs would not be required to file a writ of mandamus).  To the extent that Plaintiffs' Motion can be construed to allege that Defendant Heather Daerr had personal involvement,[3] Plaintiffs nonetheless fail to allege how Defendant Heather Daerr, as a single member of the Board, had the authority to cause the Maders to lack an occupancy permit.

---

[2] To the extent that Plaintiffs Motion seeks this Courts reconsideration of claims regarding procedural or substantive due process violation by Union Township, *see* ECF No. 177 ¶¶ 9-11, the Court will not consider these arguments in this Motion because the Court dismissed Count IX § 1983 Claim against Defendant Union Township without prejudice and with leave to amend.  With respect to Count X § 1983 Claim against Defendant Heather Daerr, for the reasons stated above, any amendment to that claim would be futile.

[3] *See id.* ¶ 15 (alleging that Defendant Heather Daerr threatened "Nuclear Option" and worked in concert with Defendant D'Amico); *id.* ¶ 16 (alleging that Defendant. Heather Daerr was working with Defendant D'Amico to file a criminal action that would remove Plaintiffs from their property).

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence. To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the Court does not find that Defendant Heather Daerr's lack of personal involvement due to her lack of authority as a single member of the Board to be a clear error of law. As such, the Court denies Plaintiffs' Motion with respect to Count X.

### E. Count XVII (§ 1983)

The Court dismissed Plaintiffs' Count XVII § 1983 claim against Township Officials because Plaintiffs sought redress for violation of state, as opposed to federal, rights (failure to disclose agendas of Township meetings, failure to follow protocol and procedure, and violations of Pennsylvania's Sunshine Act). ECF No. 170 at 51–52.

Plaintiffs' Motion requests that the Court allow Plaintiffs to amend Count XVII because they should have named "Union Township" instead of "Township Officials" as defendant. ECF No. 177 ¶ 21. While Plaintiffs are correct that municipalities are considered persons that may be sued under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), Plaintiffs' proposed amendment would not cure Count XVII's deficiencies, because § 1983 provides a mechanism for redressing violations of *federal* rights—not state rights. *See* ECF No. 170 at 51–52. Because Count XVII in Plaintiffs' Second Amended Complaint is a § 1983 claim for violation of *state* rights, any amendment of that claim—including by changing the defendant—would be futile. ECF No. 170 at 51–52.

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence. To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the

Court does not find its application of § 1983 as an a mechanism for redressing violations of federal rights—not state rights—to be a clear error of law.  As such, the Court denies Plaintiffs' Motion with respect to Count XVII.

    **F.**    **Count XVIII (§ 1983)**

The Court dismissed Plaintiffs' Count XVIII § 1983 claim against Union Township and "Township Officials" with prejudice and without leave to amend on the grounds of qualified immunity.  ECF No. 170 at 53–58.

Plaintiffs' Motion now appears to seek the inclusion of the July 8, 2020 meeting at 4:00pm as part of Count XVIII.  *Compare* ECF No. 126 ¶ 154 (alleging the violation of First and Ninth Amendment for denying the "right to assemble …[and] right to speak in a public forum, June 24, 2020" where officials locked the door) (emphasis added) *with* ECF No. 177 ¶ 19 (contending that Plaintiffs were "unlawfully denied entry into the 4pm, meeting on July 8th, 2020") (emphasis added).  This additional claim, which is not based on newly available facts, is insufficient to grant reconsideration, because the Court dismissed Count XVIII on the basis of qualified immunity.

Just as the Court found that Defendant Kevin Daerr was entitled to qualified immunity for blocking access to the building on July 8, 2020, *see* ECF No. 170 at 64, any Township Officials would equally be entitled to qualified immunity in the context of the July 8, 2020 meeting as it would have been unclear to the Township Officials at the time that denying the Plaintiffs physical access to the July 8, 2020 meeting violated a clearly established right.

Plaintiffs' Motion additionally alleges that they have "not been afforded discovery and further depositions to isolate which actors were responsible for unlawfully denied (sic) entry into the 4pm, meeting on July 8th, 2020."  ECF No. 177 ¶ 19.  However, the Court already considered the unspecified "Township Officials" and found that their subsequent identification would be

futile, "because any of the Township officials who could be liable … would also be entitled to qualified immunity." *See* ECF No. 170 at 58 n. 10.

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence. To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the Court does not find that affording qualified immunity to Township Officials regarding the physical attendance restrictions for Township meetings due to COVID-19 mitigation protocols is a clear error of law. As such, the Court denies Plaintiffs' Motion with respect to Count XVIII.

### G.   Count XX ("Deprivation of Rights" Claim)

The Court dismissed Count XX against Defendant Kevin Daerr with prejudice and without leave to amend on the grounds of qualified immunity with respect to his actions to prevent the public, including Mrs. Mader, from physically attending the July 8, 2020 meeting. ECF No. 170 at 63–64.

Plaintiffs' Motion contends that their rights were violated by Defendant Kevin Daerr blocking[4] their access to the July 8th, 2020 meeting at 4:00pm "for which Zoom was not available." ECF No. 177 ¶ 19. The allegation that Zoom was not available for that meeting, rather than being a newly available fact, appears to contradict the Second Amended Complaint and its Exhibit U. *See* ECF No. 126 at 19 (noting that Plaintiffs, while "waiting to get into the building, were unable to logon to this meeting" but also alleging that "[t]he Zoom meeting was moderated the MR. MASSARI, and public comments were selective and stifled."); *see* ECF No. 126-20 ("[T]he

---

[4] Plaintiffs cite to affidavits attached to the Second Amended Complaint, *see* ECF Nos. 126-11, 126-19, and an exhibit to a motion for judicial notice (denied in part), *see* ECF Nos. 152, 155, to show that Defendant Kevin Daerr was "blocking" the entrance. Such information is not new factual information and was taken into consideration in this Court's Opinion. *See* ECF No. 170 at 64 ("Mr. Daerr is entitled to qualified immunity with respect to his actions to prevent … Mrs. Mader, from *physically* attending the July 8, 2020 meeting.") (emphasis added).

township is open to the public for meetings… we are using Zoom to allow more participants and not force people to stand outside and wait to come in.  There is limited access and seating available.")

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence.  To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d at 677, the Court does not find the newly alleged contradictory information regarding the availability of Zoom access to necessitate the correction of an error of fact, let alone a clear one.  As such, the Court denies Plaintiffs' Motion with respect to Count XX.

## H.    Count XIX ("Deprivation of Rights" Claim)

The Court dismissed Plaintiffs' "Deprivation of Rights" Claim in Count XIX with prejudice and without leave to amend because res judicata bars the Plaintiffs claims against Defendant Massari.  *See* ECF No. 170 at 58–63 (finding that the preliminary objections filed by Plaintiffs[5] previously raised the violation of due process right on the grounds that Defendant Massari was not entitled to vote on the eminent domain issues due to prior felony convictions).

Plaintiffs' Motion reasserts facts previously alleged in their Second Amended Complaint. *Compare* ECF No. 177 ¶ 22 (contending that Defendant Massari was illegally appointed and challenging validity of the Board's vote to establish easements via eminent domain) *with* ECF No. 126 ¶¶ 96, 112, 114, 155 (contesting the validity of the Board's vote due to the fact that, as a convicted felon, Defendant Massari illegally accepted his position on Board).

Plaintiffs' Motion has not alleged an intervening change in the controlling law or the availability of new evidence, but rather seeks to re-litigate issues that the Court has previously

---

[5] *See Union Twp. v. Mader*, C-63-CV-20203284 (Pa. C.P. Washington);  *Union Twp. v. Mader*, C-63-CV-20203711 (Pa. C.P. Washington).

considered and decided.  To the extent that Plaintiffs' Motion is construed as a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood* 176 F.3d, the Court does not find the fact that the application of the principles of res judicata with respect to Plaintiffs' preliminary objections to be a clear error of law.

As such, the Court denies Plaintiffs' Motion with respect to Count XIX.

## I.     Counts XXVI and XXVII (Vicarious Liability)

In its Opinion, this Court found that Plaintiffs' Vicarious Liability claims against Defendant Harshman and Defendant Richmond were unripe because Plaintiff did not first establish liability of (i) Defendant Harshman's alleged employees, Defendants D'Amico and Stiner, and (ii) Defendant Richmond's alleged employee, Defendant Bockstoce.  *See* ECF No. 170 at 71–72.  The Court therefore dismissed the claims of vicarious liability *without* prejudice to refile this claim if Plaintiffs are successful in establishing liability as to Defendants D'Amico, Stiner, or Bockstoce. *Id.* at 72.

Because the Court granted a dismissal *without* prejudice to refile the claim contingent on a subsequent event, Plaintiffs cannot allege a manifest injustice.  Further, Plaintiffs' Motion has not alleged an intervening change in the controlling law, the availability of new evidence,[6] or the need to correct a clear error of law or fact.  As such, the Court denies Plaintiffs' Motion for reconsideration with respect to Counts XXVI and XXVII.

---

[6] Plaintiffs offers two reasons why the Court should reconsider its Opinion on Counts XXVI and XXVII.  First, Plaintiffs contend that they have not had a chance to depose Defendants Harshman and Richmond.  Next, they contend that evidence indicates that Defendants Harshman and Richmond communicated with and gave orders to their respective alleged employees.  *See* ECF No. 177 ¶¶ 23-24.  Neither of these proposed reasons for reconsideration have merit because Plaintiffs' claims of vicarious liability are simply unripe until Plaintiffs establish liability as to Defendants D'Amico, Stiner, or Bockstoce.  *See* ECF No. 177 at 72.

### III.    Conclusion

For the reasons set forth above, it is hereby ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

DATED this 14th day of October, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record