## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLA MADER, MARTIN E. MADER,

      Plaintiffs,

      v.

UNION TOWNSHIP, HEATHER DAERR,
CHARLES TRAX, JR., RICHARD
LAWSON, FRANK L. MASSARI, GARY
SWEAT, KEVIN DAERR, JESSICA
STINER, JARROD D'AMICO, KRIS
BOCKSTOCE, MICHAEL E. CRUNY

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:20-CV-01138-CCW

**OPINION ON DEFENDANTS' MOTION TO DISMISS THE MADERS' THIRD
AMENDED COMPLAINT**

Before the Court are two motions to dismiss pro se Plaintiffs Carla and Martin Mader's

Third Amended Complaint.  *See* ECF Nos. 185 & 187.  For the following reasons, the motions

will be granted in part and denied in part as moot.

## I.      Brief Procedural History

As discussed in this Court's prior opinion dismissing the Maders' Second Amended

Complaint, ECF No. 170, the Maders' claims arise out of disputes related to the Maders' property

in Union Township, Pennsylvania.  ECF No. 170 at 3–13 (recounting relevant facts).  The Maders

initially filed a 7-count Complaint, ECF No. 1, followed by a 26-count First Amended Complaint,

ECF No. 19, and a 28-count Second Amended Complaint, which alleged violations of federal

rights and statutes invoking the Court's original jurisdiction under 28 U.S.C. § 1331, and violations of Pennsylvania state law.

Following the dismissal of their Second Amended Complaint, the remaining Defendants are as follows: Defendants Union Township; Michael Cruny; Heather Daerr; Kevin Daerr; Jarrod D'Amico; Richard Lawson; Frank Massari; Jessica Stiner; Gary Sweat; and Charles Trax, Jr. (collectively, the "Township Defendants") and Kris Bockstoce (the "Ten Mile Defendant").[1]

In dismissing Plaintiffs' Second Amended Complaint, the Court permitted the Plaintiffs to amend and include in their Third Amended Complaint only the following claims: Counts I, II, III, V, XXIII, and XXIV (intentional infliction of emotional distress); Count VI (intentional misrepresentation); Counts IX and XI (§ 1983); Count XXI ("Deprivation of Rights"); Count XXV ("Common Law Claim"). ECF No. 170 at 76. The Court further ordered that "if Plaintiffs decide to file a Third Amended Complaint, such complaint should be their last, best effort to state plausible claims, as the Court is not inclined to grant further leave to amend." *Id.*

In their Third Amended Complaint, the Maders amended the following claims:[2] Counts I, II, III, V, XXIII, and XXIV (intentional infliction of emotional distress); Count VI (intentional misrepresentation); Counts IX and XI (§ 1983); and Count XXV ("Common Law Claim").

---

[1] The Third Amended Complaint contains references to Mr. Travis Richmond, the claims against whom were previously dismissed without prejudice. *See* ECF No. 170 at 76. In dismissing the Second Amended Complaint, the Court further ordered the Maders to conform the case caption to include "only the names of the Defendants who are involved in the claims that the Court is permitting Plaintiffs to amend" and to include only factual allegations related to claims for which the Court granted leave to amend. *Id.* Although Mr. Richmond is not named in the caption of the Third Amended Complaint, nor is he listed as a "Defendant" in the Third Amended Complaint, ECF No. 183 ¶¶10-25, the Third Amended Complaint still alleges that he "is liable for the actions and omission of all of his employees." ECF No. 183 ¶ 109. Because this Court previously dismissed the Maders' vicarious liability claim without prejudice as premature, *see* ECF No. 170 at 72, the Court will **GRANT** the Motion to Strike contained within the Ten Mile Defendant's Motion to Dismiss such that any references to Mr. Richmond in the Third Amended Complaint will be stricken.

[2] In the Third Amended Complaint, it appears the Maders kept the same numbering from the Second Amended Complaint despite eliminating certain counts. To avoid confusion, the Court follows this approach.

However, Plaintiffs did not choose to amend Count XXI ("Deprivation of Rights").[3]  The Third Amended Complaint contains a Count XIII ("Misuse of Legal Procedure and Process") despite this Court's previous dismissal of that claim with prejudice, and therefore its inclusion in the Third Amended Complaint is improper, and the Court will **GRANT** the Township Defendants' request to strike it.  ECF No. 170 at 75;  ECF No. 186 at 2−3.

Both the Township Defendants and Ten Mile Defendant moved to dismiss the Third Amended Complaint.  ECF No. 185 & 187.

Of the counts in the Third Amended Complaint that were permissibly included, only two are federal claims—Counts IX and XI (§ 1983).  Neither Count IX nor Count XI (§ 1983) states a claim.  The Court previously advised the Maders to make their Third Amended Complaint their last, best effort.  Therefore, no further leave to amend these Counts will be granted, and they will be dismissed with prejudice.  Because no viable federal claims remain, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the Maders' state law claims and therefore dismisses them without prejudice.

## II.      Relevant Facts

For purposes of addressing the motions to dismiss, ECF Nos. 185 & 187, the Court takes the facts alleged in the Third Amended Complaint as true and will construe the Second Amended Complaint liberally "so as to do substantial justice."  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir 2004).

---

[3] In their Third Amended Complaint, the Maders reasserted another "Deprivation of Rights" claim (Count XIV); however, that count was previously dismissed "without prejudice to refile this claim if Plaintiffs receive a favorable appellate court judgment in their eminent domain actions" and for which the Court had not granted leave to amend. ECF No. 170 at 75.  The Maders have not sought the Court's leave to amend this count, nor have they alleged any facts showing that they have received a favorable appellate court judgment in their eminent domain actions.  Therefore, the inclusion of Count XIV in the Third Amended Complaint was improper, and the Court will **GRANT** the Township Defendants' request to strike it.  ECF No. 186 at 2−3.

The Court described the facts in the Second Amended Complaint at length in its prior opinion and will not reiterate them here except as necessary to resolve Defendants' Motions to Dismiss the Third Amended Complaint.  *See generally*, ECF No. 170.  In general, the Maders' claims arise out of a series of events related to their residence at 65 Cardox Road, Finleyville, Pennsylvania, 15332 (the "Property").  ECF No. 183 ¶ 27.  After purchasing the Property, the Maders were unable replace the Property's septic system prior to the expiration of their temporary occupancy permit on February 15, 2019.  *Id.* ¶¶ 31–56.  After raising this issue at a township meeting, the Maders received what they describe as a "Notice to Vacate" via Electronic and Certified mail, on February 15th, 2019. *Id.* ¶¶ 37–56.  The Maders further allege a lack of transparency in Union Township's public meetings.  ECF No. 170 at 8–9.  Finally, several of the Maders' claims arise out of the creation of certain easements, on Cardox Road, which led to claims of interference, trespass, as well as state court actions regarding the easements.  ECF No. 170 at 7–8, 10–13.

In comparing the Second Amended Complaint to the Third Amended Complaint, the Court's summary of the Second Amended Complaint in its prior opinion remains applicable.  In their Third Amended Complaint, the Maders have (1) added some factual allegations (but the overwhelming majority of the facts set forth in Second Amended Complaint remain); (2) removed (most of) the Counts that the Court had dismissed with prejudice or without leave to amend; and (3) added some information or qualifiers in the Counts for which the Court granted leave to amend.

In light of the substantial similarity between the factual allegations in the Second Amended Complaint and the Third Amended Complaint, for brevity, the Court recounts only the newly

alleged facts in the Third Amended Complaint's "Factual Allegations" section that appear to be potentially relevant to the federal claims.[4]

First, the Maders add some details with respect to the "Notice to Vacate."  The February 14, 2019 "Notice to Vacate" was a letter sent by Defendant D'Amico to the Maders via e-mail and certified mail explaining that their occupancy permit was set to expire on February 15, 2019 and that it was unlawful to occupy the property without a valid occupancy permit.  *See* ECF No. 183 ¶ 56; *see also*, ECF No. 183-3.  In their Third Amended Complaint, the Maders add that Defendant D'Amico was acting outside the scope of his authority (which is more appropriately considered as a legal conclusion rather than factual allegation) and working in concert with Union Township officials to remove the Maders.  ECF No. 183 ¶ 56(a).  The Maders further allege that such a process is illegal because "Washington County Sewer MUST be involved."  *Id.*

The Third Amended Complaint also alleges that Union Township does not oversee or train their contractors and employees in the execution of their day-to-day activities. *Id.* ¶ 56(c)−(f).  In support of this allegation, the Maders add that Mr. D'Amico issued unlawful citations with a $5,000 per day fine to individuals identified only as the "Millers."  The Maders also allege that they have observed Defendants Mrs. Daerr, Mr. Lawson and Mr. Sweat "threatening residents in public meeting of arrest, yelling at elderly residents, and displaying their middle fingers at them." *Id.* ¶ 56(e).  As further support for allegations regarding the Township's lack of oversight or

---

[4] With respect to the intentional infliction of emotional distress claims (Counts I, II, III, V, XXIII, and XXIV), the Third Amended Complaint adds more details regarding Defendants' alleged behavior and the Maders' alleged physical reactions as a result of such behavior in each of those counts.  *See* ECF No. 183 ¶¶ 135−39, 145−46.  With respect to the intentional misrepresentation claim (Count VI), the Maders reassert that there was no threat to public health or safety, yet the letter notified them that they would no longer be able to reside at their residence.  *Id.* ¶ 140.  Finally, the Maders allege that Union Township falsely accused Mrs. Mader of "trespassing on the right-of-way to interfere with the Cardox Road project" in a state court action which has been dismissed, *id.* ¶ 120, though it is unclear which claim this factual allegation relates to.

training, the Third Amended Complaint also alleges that Defendant Sweat, during a September 20, 2021 meeting, openly and publicly threatened individuals who have submitted affidavits in the Maders' case. *Id.* ¶ 56(e).

The Third Amended Complaint also contains factual allegations related to a July 8, 2020 meeting, which are not related to either of the federal claims in the Third Amended Complaint and were previously addressed by the Court.[5] *Id.* ¶ 86−89.

## III.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," id., and be "sufficient … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

---

[5] The Court previously dismissed the relevant claim, Count XVIII (§ 1983), with prejudice and without leave to amend on the grounds of qualified immunity. *See* ECF No. 170 at 53–58. The Court also considered the inclusion of such facts in its opinion on the Maders' motion to reconsider. ECF No. 182 at 9–10 (denying motion for reconsideration for allegations relating to a July 8, 2020, 4 p.m. meeting).

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

Finally, while a "pro se pleading must be 'liberally construed,'" *Berkery v. Equifax Info. Servs.*, 429 F.Supp.3d 24, 29 (E.D. Pa. 2019) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it "must still 'contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Baker v. Younkin*, 529 F. App'x. 114, 115 (3d Cir. 2013) (quoting Iqbal, 556 U.S. at 678)). Where pro se plaintiffs raise violations of civil rights, the court should grant them leave to amend unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 483 F.3d 247, 251 (3d Cir. 2007). For purposes of a leave to amend analysis, "futility" "means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Culinary Serv. of Del. Vall., Inc. v. Borough of Yardley*, 385 F. App'x. 135, 146 (3d Cir. 2010).

IV.     Analysis

A.     Applicable Standard for § 1983 Claims

As discussed in this Court's prior opinion, ECF No. 170 at 41, a § 1983 claim is the mechanism by which individuals can recover when a person acting under color of state law violates their federal constitutional or statutory rights.  42 U.S.C. § 1983.  An actionable § 1983 claim has two elements:  (1) the conduct complained of was committed by a person acting under color of state law;  and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *Dice v. Johnson*, 711 F.Supp.2d 340, 357 (M.D. Pa. 2010).

The Court finds that Counts IX and XI (§ 1983) of the Third Amended Complaint do not satisfy this standard.

B.     Plaintiffs' Count IX § 1983 Claim Against Union Township Fails

Like the Second Amended Complaint, Count IX of the Third Amended Complaint claims that the Township violated Plaintiffs' Fifth and Fourteenth Amendment rights to use of their property when the Township sent them a letter that they describe as a "Notice to Vacate" dated February 14, 2019.  ECF No. 183 ¶ 141;  *see also* ECF No. 170 at 41–47.  This letter was sent by Defendant D'Amico via Electronic and Certified mail, on February 15, 2019. ECF No. 183 at ¶ 56.

Similar to their Second Amended Complaint, the Maders claim Union Township deprived Plaintiffs of the "[r]ight and liberty to use all of their property and were deprived by the actions of Union Township officials, who exercised issued (sic) an unlawful vacate order with deliberate indifference of available information" and, therefore, "under fear of threat, retaliation, and coercion of the action and documents of Union Township, Maders were forced to hide in their home and not have full use of their property."  ECF No. 183 ¶ 141.  The Maders add that "[t]hese

actions and [the] lack of lawful authority of Union Township has caused the Maders to be deprived the [r]ights of liberty and property." *Id*.

As the Township Defendants point out, here again the Maders fail to specify whether Count IX seeks redress for alleged violations of their procedural due process rights or substantive due process rights. ECF No. 186 at 3. Thus, as it did in its prior opinion, ECF No. 170 at 41 at 41–47, the Court liberally construes such claim as asserting both a violation of procedural and substantive due process.

The Township Defendants contend that because the Maders (1) had notice and multiple opportunities to be heard before their temporary occupancy permit expired, (2) had the option to challenge the zoning officer's conclusions they fail to allege a violation of procedural due process rights, and (3) could have filed a state court mandamus action seeking declaratory/injunctive relief compelling the Township to give them another temporary occupancy permit, the Maders fail to state a claim for violation of procedural due process. ECF No. 186 at 4–5. According to the Township Defendants, Plaintiffs have failed to allege that they attempted to avail themselves of any available procedures, other than a discussion with the Board of Supervisors at a public meeting. ECF No. 186 at 4. The Township Defendants further contend that that the notice letter did not deprive the Plaintiffs of their property or other protected rights and its mere issuance of a notice letter does not shock the conscious so as to state a claim for a violation of substantive due process rights. ECF No. 186 at 5.

### 1. The Maders' Procedural Due Process Claim Against Union Township

As more thoroughly set forth in this Court's prior opinion, ECF No. 170 at 42–43, to state a claim for a violation of procedural due process, plaintiffs must allege that (1) they were deprived of an interest that is under the auspices of the Fourteenth Amendment's protections of "life, liberty,

and property" and (2) the procedures available to them did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). "A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *Giuliani v. Springfield Twp.*, 726 F. App'x 118, 122 (3d Cir. 2018).

As previously addressed, where a defendant allegedly violated plaintiffs' procedural due process rights by denying plaintiffs' application for an occupancy permit, Courts in this Circuit have consistently held that the state's judicial mechanism for challenging zoning decisions is sufficient procedural due process. *See e.g.*, *Rogin v. Bensalem Twp.*, 616 F.2d 680 at 697–98; *Koynok v. Lloyd*, No. 06-vc-1200, 2010 U.S. Dist. LEXIS 19869, at *20 (W.D. Pa. Mar. 5, 2010) (Schwab, J.) ("the Commonwealth of Pennsylvania's procedures for challenging zoning ordinances through a hearing with the Zoning Hearing Board, and right to appeal to the Court of Common Pleas, 'substantially conforms' with due process guidelines set forth by the United States Supreme Court."); *Prosperi v. Twp. of Scott*, Civil Action No. 06-501, 2006 U.S. Dist. LEXIS 101367, at *13 (W.D. Pa. Aug. 2, 2006) (Mitchell, M.J.) *report and recommendation adopted by* 2006 U.S. Dist. LEXIS 64235 (W.D. Pa. Sep. 7, 2006).

Here, the Maders' procedural due process claims fail for the same reasons as set forth in this Court's opinion dismissing the Second Amended Complaint—that is, they had notice of the expiration of the temporary occupancy permit and an opportunity to be heard before it was set to expire. Further, they also had a mechanism to seek a remedy after the fact. None of the newly alleged facts contained in Third Amended Complaint alter this Court's conclusions in its prior opinion.

As described in this Court's prior opinion, Mrs. Mader and Defendant D'Amico, the Township's Code Enforcement Officer, corresponded in January 2019 regarding the Maders'

temporary occupancy permit which was set to expire on February 15, 2019.  ECF No. 183 ¶ 38; ECF No. 183-1.  Like the Second Amended Complaint, the Third Amended Complaint does not allege that the Maders availed themselves of an opportunity to challenge the occupancy ordinances or that the mechanism set forth in Township Ordinances[6] was unavailable to them.  *See* ECF No. 170 at 44.  Similarly, the Third Amended Complaint does not assert that any other process provided by the Commonwealth of Pennsylvania was unavailable to the Maders.  *Id.*  (noting that a mandamus action would be a procedure to remedy their failure to obtain a second temporary occupancy permit).

The additional allegations relevant to this claim in the Third Amended Complaint are that Defendant D'Amico was acting outside the scope of his authority (while simultaneously "working in concert with Union Township officials") in sending the letter and that the Washington County Sewer[7] was not involved.  ECF No. 183 ¶ 56(a).  Even if that were the case, such factual allegations do not change the fact that the Maders had procedures available to them under the Township Ordinance and state law to remedy the alleged violation of their property rights.  Therefore, their procedural due process claim still fails.

### 2.   The Maders' Substantive Due Process Claim Against Union Township

As more thoroughly discussed in this Court's prior opinion, ECF No. 170 at 44–45, "[t]o state a substantive due process claim, the plaintiff must allege that he was deprived of a fundamental right, and that the government conduct at issue was 'so egregious, so outrageous, that

---

[6]  As discussed in this Court's prior opinion, the "Township Ordinances specifically provide residents with an opportunity to challenge the zoning and occupancy ordinances if they interfere with residents' property rights."  ECF No. 170 at 44 (citing Union Township Ordinances, art. XXII, § 280-152).

[7] The Third Amended Complaint references both "Washington County Sanitary Authority" and "Washington County Sewer," *see* ECF No. 183 ¶¶ 29, 36, 56(a), the lack of clarity regarding whether these are the same institution does not affect the outcome here.

it may fairly be said to shock the contemporary conscience.'" *Hayward v. Borough of Sharon Hill*, Civil Action No. 13-825, 2013 U.S. Dist. LEXIS 153355, at *10–11 (E.D. Pa. Oct. 24, 2013).

Here, the Maders have again failed to allege that they were "deliberately and arbitrarily, capriciously or for an improper motive deprived of a 'fundamental' right or interest worthy of substantive due process protection." *Rich v. Bailey*, Civil Action No. 95-6932, 1996 U.S. Dist. LEXIS 19437, at *13 (E.D. Pa. Dec. 23, 1996) (collecting cases). "In the land use context, the shocks the conscious standard is sufficiently high 'to avoid converting federal courts into super zoning tribunals.'" *Old York LLC v. Twp. of Abington*, Civil Action No. 16-1731, 2017 U.S. Dist. LEXIS 21938, at *12 (E.D. Pa. Feb. 16, 2017) (quoting *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 285 (3d Cir. 2004)). Thus, only "the most egregious official conduct" triggers a substantive due process violation;  government actions that only serve an "improper purpose" or are taken merely in "bad faith" do not meet this high standard. *Eichenlaub*, 385 F.3d at 285;  *Johnston v. Dauphin Borough*, Civil Action No. 1:05-cv-1518, 2006 U.S. Dist. LEXIS 32028, at *6 (W.D. Pa. May 22, 2006).

Like the Second Amended Complaint, Plaintiffs' Third Amended Complaint does not properly allege that the Township deprived Plaintiffs of any property right or other right protectable by substantive due process.  Plaintiffs claim that, through the letter that Plaintiffs call the "Notice to Vacate," the Township deprived them of the right to use their property.  *See* ECF No. 183 ¶ 141.  In the Third Amended Complaint, the Maders have simply added the assertion that "[t]hese actions and lack of lawful authority of [Union Township] has caused [the Maders] to be deprived of the Rights of liberty and property."  *Id.*

As discussed in the Court's prior opinion, the Notice of Vacate "merely describes the circumstances in terms of the applicable Township Ordinances."  ECF No. 170 at 46;  *see also*

ECF No. 183-3. Thus, the letter is properly viewed as a notice of the Township Ordinances before the expiration of the Maders' temporary occupancy permit on February 15, 2019. ECF No. 170 at 46.

Finally, the additional facts relevant to this claim in the Third Amended Complaint do not change this outcome. Even if Defendant D'Amico was acting outside the scope of his authority and the Washington County Sewer was not involved when it was required to have been, such allegations fall short of the "shocks the conscience" standard, a standard that is only satisfied by "the most egregious official conduct." *Eichenlaub*, 385 F.3d at 185.

In their Third Amended Complaint, the Maders also added factual allegations related to Union Township's alleged lack of training or oversight of their contractors and employees, as well as examples of such behavior, *see* ECF No. 183 ¶ 56(c)–(f). First, these allegations appear unrelated to Count IX, which alleges a deprivation of the Fifth and Fourteenth Amendment rights to use of their property due to February 14, 2019 "Notice to Vacate." *Id.* ¶ 141. Second, even when construing the Third Amended Complaint liberally, had Union Township's failure to train or oversee its employees resulted in the sending of the "Notice to Vacate," the sending of such letter, for the reasons discussed above, does not demonstrate the "most egregious official conduct" that meets the "shocks the conscience" standard. *Eichenlaub*, 385 F.3d at 185.

Accordingly, the Court will dismiss the Maders' Count XI § 1983 Claim against Defendant Union Township.

### C.   Plaintiffs' Count XI § 1983 Claim Against Defendant D'Amico Fails

Count XI claims that Defendant D'Amico violated Plaintiffs' Fifth and Fourteenth Amendment rights when he allegedly forced Plaintiffs to hide in their home to avoid unlawful eviction. ECF No. 183 ¶ 142. The Court previously concluded that Count XI failed for the same

reasons as Count IX (and Count X, which was dismissed with prejudice) failed.  ECF No. 170 at 48.

Again, in line with the reasons stated above with respect to Count IX, the Maders have not pleaded a plausible due process claim against Defendant D'Amico.

### 1. The Maders' Procedural Due Process Claim Against Defendant D'Amico

As previously discussed in Section IV.B.1 and in the Court's prior opinion, *see* ECF No. 170 at 41–44, the Maders had advance notice that their temporary occupancy permit would expire and that occupying the property without said permit would violate the Township Ordinances.  *See* ECF No. 170 at 47;  ECF No. 183 ¶ 38;  ECF No. 183-1.  They also had the opportunity to challenge the Township Ordinances as applied to them through the Township Ordinance's own process and in state court through a writ of mandamus to redress their lack of occupancy permit.  *See* Section IV.B.1.  Because the Maders have failed to state a claim for the violation of their procedural due process rights, they cannot state a claim against Mr. D'Amico for allegedly forcing them to "hide in their home" when he interacted with the Maders regarding their temporary occupancy permit and sent them the "Notice to Vacate" . ECF No. 183 ¶¶ 32, 37, 38, 56, 142.

Further, as discussed in Section IV.B.1, even if Washington County Sewer involvement was required, Defendant D'Amico was acting outside of the scope of his authority, or Union Township failed to train or oversee its employees, those new factual allegations do not change the fact that the Maders had procedures available to them under the Township Ordinance and state law to remedy the perceived deprivation or illegal action.  Therefore, their procedural due process claim still fails.

> ## 2. The Maders' Substantive Due Process Claim Against Defendant D'Amico

As discussed in the context of Count IX, Plaintiffs' Third Amended Complaint does not properly allege that Union Township deprived Plaintiffs of any property right or other right protectable by substantive due process. Plaintiffs claim that, by sending the "Notice to Vacate," Mr. D'Amico forced Plaintiffs to hide in their home to avoid unlawful eviction. ECF No. 183 ¶ 142.

This Court has already addressed that the sending of this letter is properly viewed as a notice of the Township Ordinances before the expiration of the Maders' temporary occupancy permit on February 15, 2019. *See* Section IV.B.2. The Maders have failed to show how that letter, or any other behavior by Mr. D'Amico deprived Plaintiffs of any property right or other right protectable by substantive due process.

Finally, the additional facts relevant to this claim in the Third Amended Complaint do not change this outcome. Although the Maders allege that Defendant D'Amico was acting outside the scope of his authority and Washington County Sewer was not involved in the decision, such allegations fall short of the high "shocks the conscience" standard." *Eichenlaub*, 385 F.3d at 185. Further, the additional factual allegations related to Union Township's alleged lack of training or oversight of its employees appear unrelated to Count XI, which asserts that Defendant D'Amico forced the Maders to hide in their home because he sent the "Notice to Vacate." ECF No. 183 ¶ 142. Finally, even if Union Township's failure to train or oversee its employees resulted in Defendant D'Amico sending the "Notice to Vacate," this does not "shock the conscience." *Eichenlaub*, 385 F.3d at 185.

Accordingly, the Court will dismiss the Maders' Count XI § 1983 Claim against Defendant D'Amico.

**D.      Further Leave to Amend Will Not Be Granted**

This is the Maders' Third Amended Complaint, *see* ECF Nos. 1, 19, 126, 183.  The Maders

had the benefit of the Court's lengthy opinion on their Second Amended Complaint when crafting

their Third Amended Complaint, and the Court also clearly instructed them that their Third

Amended Complaint should be their "last, best effort to state plausible claims, as the Court is not

inclined to grant further leave to amend."  ECF No. 170 at 76.

Dismissal with prejudice and without leave to amend is now appropriate.  *See Velazquez v.*

*Zickerfoose*, No. 11-2459, 2014 U.S. Dist. LEXIS 163737, at *23 (D.N.J. Nov. 21, 2014);  *Davis*

*v. Brackenridge Police Dep't*, Civil Action No. 2: 13-cv-1225, 2013 U.S. Dist. LEXIS 165712, at

*8  (W.D. Pa. Oct. 23, 2013) (Kelly, M.J.) *report and recommendation adopted by* 2013 U.S. Dist.

LEXIS 165292 (W.D. Pa. Nov. 21, 2013).

Therefore, Count IX (§ 1983) and Count XI (§ 1983) will be dismissed with prejudice and

without leave to amend.

**E.      The Court Declines to Exercise Supplemental Jurisdiction over Maders'**
**Remaining State Law Claims**

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental

jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction."

28 U.S.C. § 1367(c)(3);  *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009).

"[W]here the claim over which the district court has original jurisdiction is dismissed

before trial, the district court must decline to decide the pendent state claims unless considerations

of judicial economy, convenience, and fairness to the parties provide an affirmative justification

for doing so."  *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F. App'x 88, 92 (3d Cir. 2015)

(citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).  "Thus, absent

extraordinary circumstances, 'jurisdiction [over claims based on state law] should be declined

where the federal claims are no longer viable.'" *Simcic*, 605 F. App'x at 92 (citing *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)).

The Court finds that no extraordinary circumstances warrant the exercise of supplemental jurisdiction in this case and the Court will thus dismiss without prejudice Counts I, II, III, V, XXIII, and XXIV (intentional infliction of emotional distress);  Count VI (intentional misrepresentation); and Count XXV ("Common Law Claim") pursuant to 28 U.S.C. § 1367(c).  *See also*, ECF No. 173 (dismissing without prejudice pendant state claims for Gniadek plaintiffs).

## V.        Conclusion

For the aforementioned reasons, the Court will grant in part and deny as moot in part Defendants' Motions to Dismiss the Third Amended Complaint, ECF Nos. 185 & 187 as follows:

A. Township Defendants' Motion to Dismiss the Third Amended Complaint, ECF No. 185 is:

   1. **GRANTED** in part, such that

      a. Count XIII ("Misuse of Legal Procedure and Process") and Count XIV ("Deprivation of Rights") shall be stricken;

      b. Count IX (§ 1983) and Count XI (§ 1983) shall be dismissed with prejudice and without leave to amend;  and

   2. **DENIED AS MOOT** as to the remainder, such that Counts I, II, III, V, and XXIV (intentional infliction of emotional distress);  Count VI (intentional misrepresentation);  and Count XXV ("Common Law Claim") are dismissed without prejudice pursuant to 28 U.S.C. § 1367.

B.  Ten Mile Defendant's Motion to Dismiss the Third Amended Complaint, ECF No. 187

is:

    1.  **GRANTED** in part, such that any references to Mr. Richmond in the Third

Amended Complaint shall be stricken; and

    2.  **DENIED AS MOOT** as to the remainder, such that Count XXIII (intentional

infliction of emotional distress) and Count XXV ("Common Law Claim") are

dismissed without prejudice pursuant to 28 U.S.C. § 1367.

DATED this 9th day of February 2022.

BY THE COURT:

                                        /s/ Christy Criswell Wiegand
                                        CHRISTY CRISWELL WIEGAND
                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record and the Maders